IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHAN PAUL STEWART,<br>      Plaintiff, | )<br>)<br>) | |
| v. | ) | 3:08-CV-0364-D |
| BILL MOORE, et al.,<br>      Defendants. | )<br>)<br>)<br>) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on August 21, 2008, Defendants' motion to dismiss and, in the alternative, for summary judgment, filed on August 20, 2008, has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action filed in state court pursuant to 42 U.S.C. § 1983. The county defendants subsequently removed the action to federal court on the basis of federal question jurisdiction.

Parties: Plaintiff Nathan Paul Stewart ("Stewart") resides in Cleburne, Texas.

Defendants are Johnson County Attorney Bill Moore, Assistant County Attorney Jim B. Simpson, Stuart Madison, Ryan Lawton, Daniel Hunt, Charles Brady, Kason Mobley, Carol Long, unidentified Child Protective Services Agents, the Cleburne Police Department, Chief Terry Powell, Commander Glover, other unnamed Officers, and Judge William Brigham.

Statement of Facts: In January 2006, Plaintiff's parents applied in the Johnson County District Attorney's Office for a protective order prohibiting Plaintiff from, among other things, committing family violence against his minor child. Following a hearing on January 17, 2006,

Judge Brigham entered a protective order against Plaintiff.

On January 31, 2008, Plaintiff filed this action in the 413th Judicial District Court of Johnson County, Texas, seeking monetary compensation for injuries endured as a result of the January 17, 2006 hearing and the filing of the protective order. Plaintiff styled his pleading as a "malicious prosecution claim under 42 U.S.C. § 1983." (*See* Complaint at p. 1, attached to Defendants' Notice of Removal). He sought to allege the following claims:

> malicious prosecution, illegal separation from family, separation of affection, attempted exile, cruel and unusual punishment, coercion, abduction, abuse of process, official misconduct, omission, lack of due diligence, lack of due process, negligence, coercion, abuse under color of law, criminal conspiracy, libel, slander, defamation of character, pain and suffering, and severe emotional distress.

(*See Id.* at p. 2).

On August 20, 2008, Defendants Johnson County Attorney Bill Moore, Assistant County Attorney Jim B. Simpson, Stuart Madison, Ryan Lawton, Daniel Hunt, Charles Brady, Kason Mobley, and Carol Long filed the instant motion to dismiss for failure to state a claim and, in the alternatively, for summary judgment. Plaintiff has not responded to Defendants' motion. Nor has he appeared in any manner since the removal of this case to federal court.[1]

<u>Findings and Conclusions</u>: A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Recently in *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)*,* the Supreme Court

---

[1] The remaining defendants – unidentified Child Protective Services Agents, the Cleburne Police Department, Chief Terry Powell, Commander Glover, other unnamed Officers, and Judge William Brigham – have not been served with process. The District Court can dismiss these defendants *sua sponte* for failure to serve unless Plaintiff shows good cause for the failure. *See* Fed. R. Civ. P. 4(m).

made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct. at 1968-69; *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1230 (2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

In Texas, § 1983 actions are governed by the two-year personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2008). The limitations period starts to run when the plaintiff becomes aware or has sufficient information to know that he or she suffered an injury. *Piotrowski,* 51 F.3d at 516. The same two-year limitations period applies to claims for intentional infliction of emotional distress, which are generally characterized as a tort under Texas law. *Brady v. Blue Cross & Blue Shield of Tex., Inc.,* 767 F.Supp. 131, 133 (N.D. Tex. 1991) (Fitzwater, J.) (citing Tex. Civ. Prac. & Rem. Code § 16.003).

Insofar as Plaintiff relies on libel and slander, his claims are governed by the one-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (Vernon Supp. 2008); *Cain v. Hearst Corp.*, 1 F.3d 345, 346 (5th Cir. 1993); *Patrick v. McGowan*, 104 S.W.3d 219, 224 (Tex. App. 2003, no pet.). Such claims, furthermore, "accrue[] on the date of the communication or publication and not on the date of the consequences or sequelae." *Ross v.*

3

*Arkwright Mut. Ins. Co .,* 892 S.W.2d 119, 131 (Tex. App.-Houston [14th Dist.] 1994, no writ).

Under the facts alleged in the complaint, all claims are barred by the either the one year or the two-year statute of limitations. Plaintiff concedes that the claims at issue occurred on January 17, 2006, at the hearing on the motion for protective order and, as a result of the issuance of the protective order. (Complaint at 2). None of Plaintiff's pleadings indicate that he was unaware of the injuries on which his claims are based, or that the limitations period should otherwise be tolled. Plaintiff, thus, filed the instant action well after the applicable statutes of limitations had expired.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the motion to dismiss for failure to state a claim of Johnson County Attorney Bill Moore, Assistant County Attorney Jim B. Simpson, Stuart Madison, Ryan Lawton, Daniel Hunt, Charles Brady, Kason Mobley, and Carol Long (Doc. #11) be GRANTED, and that Plaintiff's complaint be DISMISSED with prejudice for failure to state a claim as to these defendants.

A copy of this recommendation will be transmitted to Plaintiff and counsel for Defendants.

Signed this 10th day of October, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.